IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| | § | |
| MICHAEL FORMAN, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-07-166 |
| | § | |
| JAN MOHAMED, ET AL., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Hartford Life Insurance Company ("Hartford") removed this action from the 197th Judicial District Court of Cameron County, Texas on October 15, 2007. (Docket No. 1). Plaintiff Michael Forman ("Plaintiff") filed a Motion to Remand on November 9, 2007 (Docket No. 14) and a Supplemental Motion to Remand on November 13, 2007 (Docket No. 16). Defendants Hartford, Niche Marketing, Inc. ("Niche"), Jan Mohamed ("Mohamed"), and Mohamed, King & Associates, Inc. ("MKA") responded to Plaintiffs' motion on November 29, 2007. (Docket Nos. 18, 19, 21).

Plaintiffs allege that Mohamed represented himself as a financial planner who could assemble a team to design a conservative and legal financial plan that would offer significant tax benefits to the Plaintiffs. (Docket No. 1, Attachment #1, Plaintiff's Original Petition [hereinafter Petition] at ¶¶ 2, 11). Mohamed proposed a 419(e) plan (the "Plan"). (*Id*. at ¶ 12). The Plaintiffs, Mohamed, MKA and Niche then allegedly discussed the Plan numerous times over the phone. (*Id*. at ¶ 13). Niche was the marketer for the Plan. (*Id*. at ¶ 12). The Plan was funded by Hartford life insurance policies and was allegedly analyzed and underwritten by Hartford. (*Id*. at ¶¶ 14, 16).

Plaintiffs allege that the Defendants misrepresented that: (i) the Plan would be legitimate for tax purposes; (ii) the Plan would not be an ERISA plan; (iii) money invested into the Plan could be

deducted legitimately; and (iv) the Plan was a suitable investment.  (Petition at ¶¶ 13, 16, 17).

Plaintiffs also assert that they relied on the Defendants for their expertise in the areas of tax and

financial planning.  (*Id*. at ¶ 15). Plaintiffs further allege that the Defendants were overly aggressive

in giving the Plaintiffs only a short time to make a decision about whether to implement the Plan.

(*Id*. at ¶ 22).

      The Plan allegedly never functioned as represented, as the Internal Revenue Service ("IRS")

did not view the Plan as a legitimate tax savings device and Plaintiff could not deduct money

invested into the Plan.  As implemented the Plan was actually an ERISA plan, also contrary to the

alleged representations of the Defendants.  (Petition at ¶ 24).  Finally, Plaintiffs claim the Plan will

never realize the profit as an investment the Defendants represented because of high transaction

costs and poor guaranteed returns. (*Id*. at ¶ 17).

      Plaintiffs filed a petition in state court alleging state-law claims of fraud, fraudulent

inducement, negligent misrepresentation, negligence, breach of contract and also violations of the

Texas Insurance Code and the Texas Deceptive Trade Practices Act against Niche, Mohamed, and

MKA.  Plaintiffs assert liability against Hartford under a theory of vicarious liability.  Hartford then

removed the case to this Court asserting that Plaintiffs' claims are more properly characterized as

claims under Section 502(a), the civil enforcement provision of ERISA, and that Plaintiffs' state-law

claims are, therefore, subject to complete preemption by federal law.

## I.    DISCUSSION

      A defendant may remove an action from state court to federal court if the action could

originally have been filed in a federal court.  *See* 28 U.S.C. § 1441(a); *Aaron v. Nat'l Union Fire*

*Ins. Co. of Pittsburgh, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989) (citing *Caterpillar v.*

*Williams*, 482 U.S. 386, 391-92 (1987)).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).  Any doubts concerning the propriety of removal must be resolved against removal and in favor of remanding the case back to state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

A court should resolve the question of whether removal jurisdiction exists by looking at the complaint at the time the petition for removal was filed.  *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (citing *Pullman Co. v. Jenkins*, 305 U.S. 504, 537-38 (1939)).  If, on its face, the complaint contains no issue of federal law, then there is no federal question jurisdiction.  *Aaron*, 876 F.2d at 1160-61 (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Complete preemption is an exception to the well-pleaded complaint rule.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Any state law claim that "duplicates, supplements, or supplants the ERISA [the Employee Retirement Income Security Act] civil enforcement remedy" addresses an area of exclusive federal concern and is subject to complete preemption.  *Aetna Health, Inc. v. Davila*, 542 US. 200, 209 (2004).  A state-law claim that is properly characterized as falling within the ERISA civil enforcement provision, therefore, provides the basis for the exercise of removal jurisdiction by a federal court.  *Giles*, 172 F.3d at 337.

On the face of Plaintiffs' petition, all of Plaintiffs' claims are grounded in state law.  The petition mentions ERISA, a federal law, only to point out that the Plaintiffs' were allegedly never told the defendants' proposed plan would turn out to be an ERISA plan.  The Defendants assert that

3

Plaintiffs' state-law grounds are a mere disguise, and that the claims are properly characterized as falling within Section 502(a), the civil enforcement provision of ERISA.

This Court finds the Fifth Circuit Court of Appeals' ruling in *Hobson v. Robinson*, No. 02-60803, 75 Fed. Appx. 949 (5th Cir. 2003), and a recent ruling by a District Court in the Northern District of Texas in *Cotner v. Hartford Life and Annuity Ins. Co.*, No. 3:07-cv-0487-G, 2008 WL 59174 (N.D. Tex. Jan. 4 2008), to be instructive in resolving the issue of removal jurisdiction in this case. In *Hobson*, one of the defendants, an insurance agent, advised Hobson that the defendants could provide comparable health insurance coverage for his business at rates much lower than those Hobson was currently paying. *Hobson*, 75 Fed. Appx. at 951. The defendants allegedly never informed Hobson that the new plan would be a self-funded ERISA plan with little or no assets. *Id*. Hobson switched to the defendants' plan, but the plan was unable to provide payment for medical bills incurred by Hobson's employees. *Id*. Hobson then brought state-law claims of fraud, misrepresentation and breach of contract against the defendants. *Id*.

The Fifth Circuit held that Hobson's state-law claims were not preempted by ERISA because the claims arose from the defendants' conduct that allegedly induced Hobson to give up his current plan and secure the plan through the defendants. *Hobson*, 75 Fed. Appx. at 956. The "underlying conduct of fraudulently inducing Hobson to surrender his preexisting coverage related only indirectly to the ERISA plan, and as such, the relationship between Hobson and the agent derived from state common-law claims, not the ERISA plan." *Id*. The court also held that allowing the state-law claims to proceed would not contradict congressional intent in enacting ERISA because Hobson's claims did not require either plan interpretation or administration. *Id*.

More recently, a court in the Northern District of Texas faced a set of factual allegations very similar to those currently before this Court. *See generally Cotner v. Hartford Life and Annuity Ins. Co.*, No. 3:07-cv-0487-G, 2008 WL 59174 (N.D. Tex. Jan. 4, 2007). Cotner's action arose from the defendants' solicitation, promotion, marketing and sale of a retirement investment plan designed to provide tax benefits to Cotner and his medical business. *Id*. at *1. Cotner purchased the plan for that purpose, but then learned that the IRS had ruled the plan to be an "abusive tax shelter." *Id*. He was later notified that his plan would be audited by the IRS. *Id*.

Cotner, similar to the Plaintiffs here, filed state-law claims of negligent misrepresentation, common-law fraud, rescission and various violations of the Texas Deceptive Trade Practices Act. *Cotner*, 2008 WL 59174 at *1. The defendants removed Cotner's claims to federal court, arguing, again similarly to this case, that Cotner should have brought the claims under the civil enforcement provisions of ERISA. *Id*. at *2. The *Cotner* court held that all of the claims arose out of the alleged misrepresentations made by the defendants during the sale of the plan to Cotner, and that, therefore, those misrepresentations predated the creation of the plan. *Id*. at *4. The court then held that the civil enforcement provision of ERISA did not apply because the conduct giving rise to the claims occurred before the creation of the plan and before ERISA imposed any fiduciary duties on any parties. *Id*. at *4-5. Finding that Cotner could not have brought his claims under the civil enforcement provisions of ERISA, the court held that Cotner's state-law claims were not preempted and granted Cotner's motion to remand. *Id*.

This Court finds Plaintiffs' allegations similar to those in *Hobson* and *Cotner*. Plaintiffs' claims arise out of alleged misrepresentations and fraud inducing Plaintiffs to purchase and implement the plan and occurred prior to the creation of the plan. The alleged "underlying conduct"

5

of fraudulently inducing the Plaintiffs' to enter into the Plan, as in *Hobson*, relates only indirectly to the ERISA plan eventually formed. Therefore, the relationship between the Plaintiffs and the Defendants derives from state common-law claims and not the ERISA plan. *See Hobson*, 75 Fed. Appx. at 956. Further, permitting these state-law claims to proceed will not frustrate the purposes of ERISA because the claims do not require either plan interpretation or administration. *See id.*

This Court also notes that the persuasive reasoning of the court in *Cotner* regarding the relation, or lack thereof, between pre-plan fraudulent inducement claims and the ERISA civil enforcement provisions. This Court, therefore, finds that the civil enforcement provisions of ERISA do not apply Plaintiffs' claims and that these claims are not preempted by ERISA.

## II.    CONCLUSION

The Defendants have alleged no other basis for removal other than ERISA preemption. Since Plaintiffs' state-law claims are not preempted by ERISA and Defendants not have provided this Court with any other jurisdictional basis for removal, Plaintiffs' Supplemental Motion of Remand is **GRANTED**. Defendants' motions to compel arbitration are **DISMISSED** without prejudice. The Clerk of Court is directed to take such appropriate actions to remand this action back to state court. All costs are to be borne by the party incurring the same.

Signed, this 7th day of February, 2008.


Andrew S. Hanen
United States District Judge